

# IN THE
# TENTH COURT OF APPEALS

### No. 10-19-00258-CR

**CEDRIC CHARLES NUGENT,**

                                       **Appellant**

 **v.**

**THE STATE OF TEXAS,**

                                       **Appellee**

---

### From the 361st District Court
### Brazos County, Texas
### Trial Court No. 15-05253-CRF-361

---

## MEMORANDUM OPINION

---

The jury convicted Cedric Nugent of the offense of evading arrest with a vehicle. The trial court found the enhancement paragraphs to be true and assessed punishment at 30 years confinement. We affirm.

### ADMISSION OF STATEMENTS

In the first and second issues on appeal, Nugent complains that the trial court erred in admitting incriminating statements he made to law enforcement. On October

12, 2015, Bryan Police Officer Aaron Arms initiated a traffic stop for failure to signal within 100 feet of an intersection. Officer Arms engaged the overhead lights in his patrol car, but the vehicle did not stop. Officer Arms pursued the vehicle but ended the pursuit when the vehicle ran a stop sign. Officer Arms obtained the license plate number of the fleeing vehicle and determined it was registered to Shantre Watson.

Officer Arms testified that the fleeing vehicle was a black, Ford SUV, and that information was made available to other officers. Officer Daniel Amaya testified that he heard the information about the attempted traffic stop. While on patrol, Officer Amaya observed a group of men near a black, Ford SUV. Officer Amaya thought the vehicle might be involved in Officer Arms' evading case, and he ran the license plate to confirm that it was the vehicle. The men left the black SUV and went into an apartment. Marshal Albert Reeder arrived to assist Officer Amaya. Officer Amaya and Marshal Reeder knocked on the apartment door, but no one answered. After approximately fifteen minutes, Nugent opened the door and went outside. Marshal Reeder handcuffed Nugent for officer safety.

Officer Arms arrived at the scene and identified the black SUV as the one involved in the evading case. The officers learned that Nugent had outstanding warrants. Marshal Reeder testified that he asked Nugent if he was the one driving the vehicle, and Nugent indicated that he was the driver. Officer Arms also testified that Nugent told him he was the driver of the vehicle and that he did not stop because he had outstanding warrants.

Nugent argues in the first issue that the that the trial court erred in admitting the custodial incriminating statement he made to Marshal Reeder prior to any warning being given. In the second issue, Nugent argues that the trial court erred in admitting the custodial incriminating statement he made to Officer Arms without being properly admonished and waiving his rights. Nugent filed a motion to suppress the statements he made to Officer Arms and Marshal Reeder.

A trial court's ruling on a motion to suppress is reviewed on appeal for abuse of discretion. *State v. Cortez*, 543 S.W.3d 198, 203 (Tex. Crim. App. 2018). The record is viewed in the light most favorable to the trial court's determination, and a trial court's ruling should be reversed only if it is arbitrary, unreasonable, or outside the zone of reasonable disagreement. *Id.*; *State v. Story*, 445 S.W.3d 729, 732 (Tex. Crim. App. 2014). Because the trial court is the sole trier of fact, we will give almost total deference to the trial court's determination of historical facts. *State v. Story*, 445 S.W.3d at 732; *State v. Dixon*, 206 S.W.3d 587, 590 (Tex. Crim. App. 2006). The trial court's application of the law to those facts, however, is reviewed de novo. *Id.* We will sustain the trial court's decision if we conclude that the decision is correct under any applicable theory of law. *State v. Cortez*, 543 S.W.3d at 203.

At a pre-trial hearing, the State indicated it did not intend to introduce the statements into evidence unless the "defense opens the door to the statement." The trial

court noted that the statements would not be admissible unless the defense opened the door.

During the cross-examination of Officer Arms, defense counsel questioned him on the identity of the driver of the black, Ford SUV and whether he could describe the appearance of the driver. Counsel asked if he located the passenger of the vehicle and also questioned him on other possible suspects. Counsel further asked questions on the investigation such as whether he took any fingerprints from the vehicle or attempted to obtain any DNA evidence. Officer Arms testified on cross-examination that he did not recommend the case go to the criminal investigation division for further investigation.

After the cross-examination of Officer Arms, the State argued that the defense had opened the door to the admission of Nugent's statements. The State contends that the defense put in front of the jury that Nugent was not the one driving the vehicle and that they were allowed to rebut that defensive theory with Nugent's statements. The trial court found that the defense had opened the door to the statements by presenting the defensive theory that Nugent was not the one driving the vehicle.

Evidence that is otherwise inadmissible may be admitted to correct a false impression left by the questioning of a witness. *See Wheeler v. State*, 67 S.W.3d 879, 885 (Tex. Crim. App. 2002); *Haywood v. State*, No. 01-13-00994-CR, 2014 Tex. App. LEXIS 13312 *9 (Tex. App. —Houston [1st Dist.] December 11, 2014, pet. ref'd) (not designated for publication). Inadmissible evidence may be admitted if the party against whom the

evidence is offered opens the door, provided the evidence does not stray beyond the scope of the invitation. *Schutz v. State*, 957 S.W.2d 52, 71 (Tex. Crim. App. 1997); *Haywood v. State*, 2014 Tex. App. LEXIS 13312 *9. This is true even of statements that are inadmissible because they constitute custodial interrogations obtained without *Miranda* warnings. *See Harris v. New York*, 401 U.S. 222, 224-25, 91 S. Ct. 643, 28 L. Ed. 2d 1 (1971); *Haywood v. State*, 2014 Tex. App. LEXIS 13312 *9.

In *Haywood*, defense counsel questioned the officer on how he conducted the investigation including why the officer did not bag the defendant's hands or obtain search warrants. *Haywood v. State*, 2014 Tex. App. LEXIS 13312 *10. The court found that the officer was unable to explain to the jury that there was no need for such investigation because the defendant admitted firing the gun. *Id.* The court concluded that defense counsel's questions opened the door for the State to admit the defendant's oral statements. *Id.*

Nugent's counsel questioned Officer Arms on whether or not he conducted further investigation including fingerprints and DNA evidence from the vehicle. As in Haywood, the officer was unable to explain to the jury that there was no need for that evidence because Nugent stated he was driving the vehicle. Counsel also questioned Officer Arms placing the identity of the driver of the vehicle in question. We find that the trial court did not abuse its discretion in admitting the statements Nugent made to Officer Arms and Marshall Reeder. We overrule the first and second issues.

## JUROR INFORMATION

In the third issue, Nugent argues that the trial court erred in refusing to allow him to access juror contact information to develop an issue raised in a motion for new trial. In his motion for new trial, Nugent alleged juror misconduct prevented him from having a fair trial. Nugent attached the affidavit of Jennifer Whitcomb to the motion. In the affidavit, Whitcomb stated that defense counsel questioned the jurors on whether they had driven or Googled the route of the chase, and Juror O'Brien indicated she Googled the locations and drive-time estimates. Nugent filed a motion to obtain the juror contact information to adequately prepare for the motion for new trial or, alternatively, to question the jurors at the hearing on the motion for new trial.

The trial court held a hearing and denied both the motion for juror contact information and the motion for new trial. The trial court found that assuming Juror O'Brien said she Googled the drive-time estimates, there is no evidence that it "influenced or provided information that was related to an issue at the trial, which was did or did not the defendant use a vehicle to evade a stop by a police officer."

Article 35.29 of the Code of Criminal Procedure provides that juror contact information is confidential and may not be disclosed by the court except on a showing of good cause. *See* TEX. CODE CRIM. PROC. ANN. art.35.29 (a) (b) (West Supp. 2019). What constitutes good cause must be based upon more than a mere possibility that jury

misconduct might have occurred; it must have a firm foundation. *Taylor v. State*, 461 S.W.3d 223, 230 (Tex. App. — Houston [1st Dist.] 2015, pet. ref'd).

The trial court found that assuming Juror O'Brien conducted an internet search of the drive-time estimate, that would be an outside influence under *McQuarrie v. State*, 380 S.W.3d 145, 154 (Tex. Crim. App. 2012). However, the trial court found that it was not an improper outside influence because it was unrelated to any factual or legal issue at trial. *See Colyer v. State*, 428 S.W.3d 117, 130 (Tex. Crim. App. 2014). We agree. The route of the chase and the drive-time estimates were not contested issues at trial. The trial court did not abuse its discretion in refusing to allow Nugent to access juror contact information. We overrule the third issue.

## CONCLUSION

We affirm the trial court's judgment.

JOHN E. NEILL
Justice

Before Chief Justice Gray,
    Justice Davis, and
    Justice Neill
Affirmed
Opinion delivered and filed December 30, 2020
Do not publish
[CRPM]

